**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP ARTHUR COVARRUBIAS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ROBERT LeGRAND, *et al.*, ) <br> ) <br> Respondents. ) <br> / | 3:11-cv-00873-LRH-WGC <br><br> **ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. After conducting its preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the court ordered petitioner to show cause why his petition should not be dismissed as a successive petition. (ECF No. 4.) Petitioner responded to the court's order (ECF No. 5) and filed two motions. (ECF Nos. 6, 7.)

Under 28 U.S.C. § 2244(b)(1), a claim in a "second or successive habeas corpus [petition] under section 2254" must be dismissed if it was presented in a prior petition. If the claim was not presented in the prior petition, it may be considered only in the circumstances provided by § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the petition.

In this case, petitioner seeks to challenge his conviction by way of guilty plea in case C190643 in the Eighth Judicial District Court for the State of Nevada for attempted sexual assault and child abuse and neglect with substantial mental harm.

Petitioner previously filed a federal petition in this court challenging the same judgment of conviction in case 3:07-cv-00120-LRH-RAM. The court denied that petition on the merits on August 25, 2009. (3:07-cv-00120-LRH-RAM, ECF No. 15.) Petitioner has not attached a copy of an order from the Ninth Circuit Court of Appeals authorizing the filing of a second or successive petition.

If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same judgment of conviction will constitute a second or successive petition. *See, e.g. Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Therefore, petitioner first must obtain permission from the Ninth Circuit Court of Appeals for this court to consider the present petition.

In his response to the court's order to show cause, petitioner states that he was unaware that he must obtain an order from the Ninth Circuit Court of Appeals before proceeding in this court. Petitioner also argues that his petition is not "second or successive" because it is based on newly discovered evidence. This argument, however, is not for this court to address. As discussed above, petitioner must first must move in the Ninth Circuit Court of Appeals for an order authorizing the district court to consider the petition. Without such an authorization, this court is without jurisdiction to consider the petition. *Burton v. Stewart*, 549 U.S. 147, 152-57 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). Accordingly, the instant petition will be dismissed without prejudice as a successive petition. Because the court is without jurisdiction and dismisses the petition, it denies petitioner's motions as moot.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition (ECF No. 8) is **DISMISSED** without prejudice as a successive petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 6) and motion for expeditious adjudication (ECF No. 7) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk additionally shall serve a copy of this order and the judgment upon respondents by adding Attorney General Catherine Cortez Masto as counsel for respondents and directing a notice of electronic filing to her office. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE